### C. W. McAfee v. S. T. Meadows.

Decided January 15, 1903.

**1.—Charge—Issue Not Raised by Evidence.**
It is error for the charge to submit an issue not raised by the evidence.

**2.—Warranty—Breach—Sale of Horse—Charge.**
Where there was evidence in an action for breach of warranty of soundness of a horse that the seller agreed that the horse might be returned if plaintiff became dissatisfied, a charge to find for defendant if there was no warranty, or if, though warranted, the defect could have been seen, was error because ignoring the right of rescission.

**3.—Same—Obvious Defect.**
Where there was evidence that plaintiff saw the condition of the horse's knees and inquired about the effect thereof, and received a warranty against bad results from such condition, it was error for the charge to instruct that the jury should find for defendant if plaintiff saw the defective knees.

Appeal from the County Court of Rusk. Tried below before Hon. W. W. Moore.

*J. H. Turner,* for appellant.

*Buford & Buford,* for appellee.

GILL, Associate Justice.—This action originated in the Justice Court, and is a suit upon breach of warranty of soundness of a horse purchased by appellant from appellee. The answer was a general denial. On appeal to the County Court a jury trial resulted in a verdict for appellee. The appellant has brought the judgment here for revision.

McAfee bought from the agent of S. T. Meadows a black horse named "Midnight," for which he paid him $125. McAfee testified that the seller warranted the horse to be sound, and agreed that if the buyer was not satisfied with his purchase, he could return it and get his money back. Ed Meadows, who sold the horse, testified that this was not true.

The horse was "buck-kneed," and this defect or peculiarity was apparent. There was testimony to the effect that any one could see that the horse was "buck-kneed," but that whether it would injure him or not could be ascertained only by actual use. The testimony adduced by plaintiff tended further to show that the first time the horse was driven after the sale, he became lame in his left knee, and that thereupon plaintiff at once returned the horse, expressed himself dissatisfied, gave his reasons, and demanded a rescission. This was refused. Other like demands were refused, after which this suit was brought.

On the trial the judge gave no general charge, but submitted several special charges requested by one or the other of the parties to the suit.

The assignments of error which we shall notice relate to the charges given at the request of defendant. By the first assignment plaintiff complains of special charge number 2, given at the request of defendant. The charge submits as a defense that if the horse "was injured by ill care or improper driving, the jury should find for defendant." The objection urged is that the issue is not raised by the evidence, and we think the objection is sound. There is no evidence that the horse had been injured by ill use or hard driving.

By the second assignment plaintiff complains of special charge number 3, given at the request of defendant, to the effect that if defendant did not warrant the horse sound they should find for defendant, and that though warranted sound and proven unsound, plaintiff could not recover if, by looking at the horse, he could have seen that his knees were defective. In view of the evidence the charge was erroneous upon both points, as pointed out in the proposition and statement. There was evidence to the effect that the horse might be returned if plaintiff became dissatisfied. This was a valid ground of rescission if established, yet the charge precluded it. There was evidence that the defect in the knees was apparent, but that whether it would prove injurious would not be disclosed by inspection. It was undisputed that plaintiff saw the condition of the knees and inquired about their effect, and according to his testimony received a warranty against bad results from the condition of the knees. Yet the charge acquits the defendant if the plaintiff saw the defective knees. The assignment must be sustained. The fact that the excluded issues were submitted elsewhere in other charges does not cure the error. The charges are not so framed and related to each other as to be given the effect of modifying each other.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*